___ Priority
_✓_ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

FILED
CLERK, U S DISTRICT COURT
MAR 21 2006
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILEX POLY CO., LLC, | No. CV 06-1628-GHK(CWx) |
| Plaintiff[s], | |
| vs. | ORDER RE: CASE MANAGEMENT (REVISED AS OF OCTOBER 1, 2001) |
| BAXVILLE, INC. dba RICHWAY PLASTICS, | **READ IMMEDIATELY** |
| Defendant[s]. | |

This case has been assigned to the calendar of Judge George H. King. The court fully adheres to Rule 1 of the Federal Rules of Civil Procedure, which requires that the Rules be "construed to secure the just, speedy and inexpensive determination of every action."

Counsel shall also be guided by the following special requirements:

1. Plaintiff shall <u>promptly</u> serve the complaint in accordance with Fed. R. Civ. P. 4 and file proofs of service pursuant to Local Rule 5.8.

2. The attorney attending any proceeding before this court <u>must</u> be the attorney who is primarily responsible for the conduct of the case.

3. **COURTESY COPIES: A courtesy copy of all papers filed with the court shall be delivered to chambers at Room 660, Roybal Federal Building, on the day of filing.**

DOCKETED ON CM
MAR 23 2006
BY ___ 002

4.  MOTIONS:

(a)  Motions shall be filed and set for hearing in accordance with Local Rule 7-2, et seq. (formerly Local Rule 7). Motions shall be set on Mondays at 9:30 a.m. unless otherwise ordered by the court. If a Monday is a court holiday, no motions shall be set on the succeeding Tuesday. Any motions noticed for a holiday shall automatically be continued to the next Monday.

Counsel should take special note of the recent changes to the Local Rules which affect motion practice in this court. Among other things, counsel should be aware that Local Rule 7-3 (formerly Local Rule 7.4.1) requires that counsel engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." The court expects counsel to discharge their obligation under Local Rule 7-3 in good faith. Even if a motion is still necessary after a good faith pre-filing conference, counsel should have sufficiently discussed the issues so that the briefing will be directed to those substantive issues which require resolution by the court. Minor procedural or other non-substantive matters should be resolved by counsel during the course of the conference.

Counsel should also take note that Local Rule 11-6 (formerly Local Rule 3.10) limits all memoranda of points and authorities to "25 pages in length, excluding indices and exhibits, unless permitted by order of the judge." The court is of the view that the 25-page limitation is more than adequate for counsel to set forth his/her points and authorities, especially if counsel carefully reviews and edits the memorandum to ensure a concise and focused presentation. Accordingly, routine requests to exceed the page limitation will be **DENIED**. Leave to exceed the page limitation will be granted only in

extraordinary circumstances where counsel makes an adequate showing of specific facts in support of an application to exceed the page limitation.

     (b) Unless clearly justified under the circumstances of the case, "motions to dismiss or in the alternative for summary adjudication" are discouraged. These composite motions tend to blur the legitimate distinction[s] between the two motions, which have different purposes. Frequently, the composite motions introduce evidence that is extrinsic to the pleadings. On the one hand, such evidence is improper for consideration on a Fed. R. Civ. P. 12(b)(6) motion, while on the other hand, treatment of the motion as a Rule 56 motion frequently results in reasonable invocation of Rule 56(f) by the non-moving party.

     (c) Moreover, Rule 12(b)(6) motions are discouraged unless counsel has a good faith belief that such motion will likely result in dismissal, without leave to amend, of all or at least some of the claims under applicable law.

     (d) No party may file more than one motion pursuant to Fed. R. Civ. P. 56 regardless of whether such motion is denominated as a motion for summary judgment or summary adjudication.

     (e) Generally, the court will rule on motions on the papers submitted, and without oral argument. Accordingly, counsel are advised to place all authorities and arguments in their moving or opposing papers. Counsel are reminded that the reply shall be limited to argument and/or authorities responsive to the opposition papers. Any improper introduction of new matter in the reply will be ignored by the court.

     5. DISCOVERY: ALL DISCOVERY MATTERS ARE REFERRED TO A UNITED STATES MAGISTRATE JUDGE (see initials in parentheses following the case

number). Discovery disputes of a significant nature should be brought promptly before the Magistrate Judge. The court does not look favorably upon delay resulting from unnecessarily unresolved discovery disputes. Counsel are directed to contact the clerk for the assigned Magistrate Judge to schedule matters for hearing. The words <u>DISCOVERY MATTER</u> shall appear in the caption of all documents relating to discovery to ensure proper routing.

The decision of the Magistrate Judge shall be final and binding, subject to modification by the District Judge only where it has been shown that the Magistrate Judge's order is clearly erroneous, contrary to law, or an abuse of discretion.

6. EX PARTE APPLICATIONS: Ex Parte Applications are considered on the papers and are not normally set for hearing. Counsel are advised to file and serve their ex parte applications as soon as they realize that extraordinary relief is necessary. This court entertains ex parte applications only in extraordinary circumstances -- sanctions may be imposed for misuse of ex parte applications. <u>See</u> <u>In Re: Intermagnetics America, Inc.</u>, 101 Bankr. 191 (C.D. Cal. 1989). The requesting party shall serve the application by personal delivery or fax, and notify the responding party that opposing papers must be filed within 24 hours of such service. Moreover, at the time of the application, the applicant shall comply with Local Rule 7-19.1 (formerly Local Rule 7.18.1), which <u>inter alia</u>, requires the applicant to advise the court in writing of the efforts to contact opposing counsel and of that counsel's intention to oppose the application. The moving party's declaration in support of an ex parte application shall affirmatively show compliance with Local Rule 7-19 (formerly Local Rule 7.18) and this Order, failing which the application shall be DENIED.

1     7.   TRIAL PREPARATION: This court strives to set trial dates as
2 early as possible and does not approve of unnecessarily protracted
3 discovery.

4     8.   CONTINUANCES: Continuances are granted only upon a showing of
5 good cause. Counsel requesting a continuance MUST submit a <u>DETAILED</u>
6 declaration setting forth the reason therefor. Any continuances
7 requested but not accompanied by said declaration will be rejected. The
8 court sets **FIRM** trial dates and will not change them without a showing
9 of good cause. **FIRM** trial dates are defined as dates on which counsel
10 must be ready to proceed; however, the court may trail the action on 48
11 hours call when necessary (e.g. in the event that a criminal case, an
12 older civil case, or a case otherwise entitled to precedence by law,
13 proceeds to trial on said date, or the court is otherwise occupied with
14 other matters).

15     9.   STIPULATIONS: NO stipulations extending scheduling dates set
16 by this court are effective unless approved by the court. All
17 stipulations must be accompanied by a DETAILED declaration explaining
18 the reason for the stipulation. Any stipulation not in compliance with
19 this Order or the Local Rules of the Central District will be rejected.
20 Stipulations shall be submitted well in advance of the relief requested.
21 Counsel wishing to know whether or not a stipulation has been approved
22 shall comply with Local Rule 11-4.5 (formerly Local Rule 3.5.5).

23     10.   NOTICE OF REMOVAL: All documents filed in state court,
24 including answers and documents appended to a complaint, <u>MUST</u> be refiled
25 in this court as a supplement or exhibit to the Notice of Removal. If
26 an answer has not as yet been filed, said answer or responsive pleading
27 shall be filed in accordance with the Federal Rules of Civil Procedure
28 and the Local Rules of the Central District. Any pending motions must

be re-noticed in accordance with Local Rule 7-2, et seq.

11. BANKRUPTCY APPEALS: Counsel shall comply with the ORDER RE PROCEDURE TO BE FOLLOWED IN APPEAL FROM BANKRUPTCY COURT issued at the time the appeal is filed in the District Court. The matter is considered submitted upon the filing of the appellant's reply brief. No oral argument is held unless otherwise ordered by this court.

12. EARLY MEETING OF COUNSEL: [Deleted in light of the Amendments to the Federal Rules of Civil Procedure effective December 1, 2000. See separate Order Setting Scheduling Conference.]

13. PREPARATION FOR STATUS CONFERENCE: [Deleted in light of the Amendments to the Federal Rules of Civil Procedure effective December 1, 2000. See separate Order Setting Scheduling Conference.]

14. NOTICE: Counsel for plaintiff, or plaintiff if appearing on his or her own behalf, in an action commenced in this court, and counsel for defendant or defendant in pro per in a removed action, shall serve a copy of this Order on all other parties or their counsel at the earliest possible time. Counsel, or any party required to give notice of this Order, shall file proof of service of such notice within 48 hours of the service of such notice.

IT IS SO ORDERED.

DATED: This 20 day of March, 2006.

GEORGE H. KING
United States District Judge